**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | |
|---|---|
| ANTONIO FREEMAN, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action No. 1:17-02279 |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Petition for Writ of Mandamus. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Petition, the undersigned finds, and hereby respectfully recommends, that Petitioner's Petition be dismissed.

**FACT AND PROCEDURE**

**A.      Civil Action No. 1:17-01950:**

On March 21, 2017, Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (Civil Action No. 1:17-01950, Document No. 1.) In his Petition, Petitioner states that an Incident Report was issued against him charging him with violating Offense Code 104, Possession of a Knife. (Id.) Petitioner complains that the Incident Report was filed on or about August 25, 2016, and he has been held in segregation "ever since" in violation of his Fifth Amendment right to due process. (Id.) Petitioner further complains that he received letters from the United States Attorney's office on January 13, 2017, and March 9, 2017, advising him that he was a target of a grand jury investigation and he had the right to appear

before the grand jury. (Id.) Petitioner asserts that he has been denied counsel in violation of his Sixth Amendment rights concerning the possible upcoming charges referred to in the target letter. (Id.) Finally, Petitioner alleges that he placement in segregation has resulted in cruel and unusual punishment in violation of the Eighth Amendment. (Id.) As relief, Petitioner requests the following: (1) The Court order Petitioner's immediate release to general population; (2) The Court appoint counsel for his "pending prosecution;" and (3) The Court "order the United States Attorney's Office to release Petitioner's Incident Report back to the institutional level immediately so that Petitioner can bring resolution to his Incident Report and keep his halfway house date."

By Order entered on April 14, 2017, United States Magistrate Judge Cheryl A. Eifert ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Id., Document No. 9.) On April 27, 2017, Respondent filed his Response to the Order to Show Cause. (Id., Document No. 12.) Respondent argues that Petitioner's Petition should be denied because "Petitioner's challenge to the conditions of his confinement is not cognizable under 28 U.S.C. § 2241." (Id.) On May 9, 2017, Petitioner filed his Reply and Affidavit in Support. (Id., Document Nos. 14 and 15.) The above matter is currently pending before the Court.

**B.    Instant Petition for Writ of Mandamus:**

On April 10, 2017, Petitioner, acting *pro se*,[1] filed his Petition for Writ of Mandamus. (Civil Action No. 1:17-02279, Document No 1.) Petitioner explains that he was placed in

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v.*

2

segregation on August 25, 2016, based upon his alleged possession of a knife in violation of Offense Code 104. (Id.) Petitioner states that BOP disciplinary proceedings have been "suspended due to his Incident Report being referred to the U.S. Attorney's Office for possible charges." (Id.) Petitioner states that on December 22, 2016, Petitioner was informed by S.I.S. Neal that the United States Attorney's Office had accepted Petitioner's case and Petitioner was going to be prosecuted. (Id.) Petitioner alleges that he received a letter from the United States Attorney's Office on January 16, 2017, informing him that he was a target of a grand jury investigation and he had the right to testify before the grand jury. (Id.) Petitioner acknowledges that this Court mailed him a blank Financial Affidavit for completion so the Court could make a determination as to whether Petitioner qualified for court appointed counsel. (Id.) Petitioner, however, complains that "has repeatedly sought assistance from various staff at the institution in regards to his pending prosecution and inquiring about an attorney." (Id.) As relief, Petitioner requests the following: (1) that the Court require the United States Attorney's Office to either dismiss the underlying charges of the target letter or present the charges to the grand jury; and (2) if the charges are not dismissed, the appointment of counsel regarding the target letter . (Id.)

**C.    Criminal Action No. 1:17-00089:**

By letter dated January 13, 2017, the United States Attorney's Office notified Petitioner that he was a target of a grand jury investigation and that Petitioner had the right to appear before the grand jury. (Criminal Action No. 1:17-00089, Document No 1.) The target letter further notified Petitioner that if "you wish legal representation but feel you are unable to afford an attorney, you may call the Office of the United States Magistrate Judge . . . to determine if you are eligible to have an attorney appointed by the court to represent you." (Id.) By

---

*Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Memorandum Opinion and Order entered on April 13, 2017, the Court appointed counsel to represent Petitioner in Criminal Action No. 1:17-00089. (Id., Document No. 2.) On May 23, 2017, an Indictment was filed against Petitioner charging him with one count of Possession of a Prohibited Object by an Inmate of a Federal Prison, in violation of 18 U.S.C. §§ 1791(a)(2) and 1871(b)(3). (Id., Document No. 10.) On July 12, 2017, Petitioner pled guilty to the Indictment. (Document No. 29 and 30.) Petitioner is currently awaiting sentencing scheduled before the District Court. (Id., Document No. 31.)

## **ANALYSIS**

Title 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 18 U.S.C. § 1361. The remedy of mandamus, however, "is a drastic one, to be invoked only in extraordinary circumstances." Kerr v. United States District Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); also see United States v. Moussaoui, 333 F.3d 509, 516-17 (4th Cir. 2003). Mandamus relief is only available when three elements coexist: "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." Gant v. FBI, 992 F.Supp. 846 (S.D.W.Va. Feb. 12, 1998)(J. Haden)(citing In re First Federal Savings & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988)); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987)(internal quotations omitted)("The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable."). Furthermore, mandamus will only be issued in cases where "the alleged duty to act involves a

4

mandatory or ministerial obligation which is so plainly prescribed as to be free of doubt." In re First Federal Savings & Loan Ass'n, 860 F.2d at 138; also see Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina, 551 F.2d 559, 562 (4th Cir. 1977)(A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable.").

In the instant case, Petitioner is requesting an order compelling action on the part of the United States Attorney's Office. Specifically, Petitioner requests that the District Court compel the United States Attorney's Office to either dismiss the underlying charges of the target letter or present such charges to the grand jury. Petitioner has no clear and indisputable right to compel the United States Attorney's Office to take the action requested. The submission of evidence to a grand jury is at the *discretion* of the prosecuting attorney. Wayte v. United States, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985)("[T]he Government retains broad discretion as to whom to prosecute."); United States v. Batchelder, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979)(stating that the decision whether to prosecute and what charges to file rest in the prosecutor's discretion); Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (2nd Cir. 1973)(finding that the authority to investigate and initiate criminal complaints rest exclusively with the United States Attorney). As stated above, "[a] writ of mandamus will not issue to compel an act involving the exercise of judgment and discretion." See Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi, 551 F.2d at 562("A writ of mandamus will not issue to compel an act involving the exercise of judgment and discretion.").

Accordingly, the undersigned finds that Petitioner has failed to meet the stringent requirements for invoking a Writ of Mandamus.

Furthermore, the undersigned finds that Petitioner's request for relief is moot. As discussed above, the charge underlying Petitioner's target letter was presented to the grand jury and an indictment was returned against Petitioner. The record further reveals that Petitioner was appointed counsel regarding the potential charges underlying the target letter and concerning his subsequent prosecution. Accordingly, the undersigned respectfully recommends that Petitioner's Petition for Writ of Mandamus be denied.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Mandamus (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: August 10, 2017.

Omar J. Aboulhosn
United States Magistrate Judge